OPINION. HaRROn, Judge-. The respondent has determined that the income of the Troy Tool & Gage Co. for the period October 1 to December 31, 1941, is taxable in equal shares to the three petitioners under section 22(a) of the Internal Revenue Code. In the case of each petitioner his determination is that the wife of each petitioner was not a member of the Troy Tool & Gage Co. partnership in the year 1941. A partnership in which the three petitioners were the only members had existed, and that partnership is the only partnership which the respondent recognizes for income tax purposes. His position is that the formal arrangements which were made in the latter part of 1941 to'establish a new partnership in which the three wives were admitted as limited partners were ineffective to relieve each petitioner from income tax upon an entire one-third share of the earnings of the firm. These proceedings were tried and the briefs were filed prior to the Supreme Court decision in Commissioner v. Tower, 327 U. S. 280. The question presented here is controlled by the Tower case. Petitioners presented a lengthy amount of evidence relating to the formal arrangements for creating a new limited partnership in which their wives were the limited partners. Consideration has been given to all of the evidence to discover whether the facts here distinguish these proceedings in principle from the Tower case. No distinguishing facts are found in the evidence. The details do not contribute anything to the decision to be made, and, therefore, the findings of fact have not been enlarged to include the quantity of detail of record. That is not to say that all of the evidence has not been carefully weighed and examined. It has been examined. The question is such that substance is of greater importance than form. That the limited partnership may have been valid under Michigan law has no greater bearing upon the question here than it had in the Tower case. The important and governing conclusion from the evidence is that no one of the wives contributed services or capital which originated with her to the business. The business did not need additional capital; it did not receive any. However carefully the various documents were drawn to change the existing partnership of the three petitioners into a new partnership of petitioners and their wives, the documentation failed to bring about any real change in the existing partnership consisting of only the three petitioners, and their wives can not be recognized as their partners for purposes of the tax involved. See also Lowry v. Commissioner, 154 Fed. (2d) 448; certiorari denied, - U. S. - (Oct. 14, 1946); Canfield v. Commissioner, 154 Fed. (2d) 1016; Thorrez v. Commissioner, 155 Fed. (2d) 794. It should be noted that petitioners’ arrangements were such that they retained control over distributions of earnings to partners. They were to receive salaries in such amounts as they might determine themselves, and the firm’s earnings after salaries were to be held or distributed as they directed. Tax savings to petitioners was an admitted reason for making the arrangements at a time when earnings had greatly increased and were still increasing. It is difficult to find here anything more than an attempt by petitioners to reallocate their income within each family unit. Respondent’s determination that each petitioner is liable for tax upon one-third of the income of the Troy Tool & Gage Co. for the last three months of 1941 is sustained. Decision toill be entered for the respondent.